UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**VICTOR STAMPLEY**,

Debtor.

Case No. **12-60732-13**

# MEMORANDUM OF DECISION

At Butte in said District this 8th day of February, 2013.

Pending in this Chapter 13 case is confirmation of Debtor's Second Amended Chapter 13 Plan filed on December 17, 2012 (Docket No. 77), and objection thereto filed by Debtor's former spouse and creditor Susan Clarion Stampley ("Clarion"). Both parties were represented by counsel at the scheduled hearing on confirmation at Missoula on December 6, 2012. Attorney Edward A. Murphy of Missoula appeared for the Debtor Victor Stampley ("Stampley"), and Reid J. Perkins of Worden Thane P.C., appeared for Clarion. Counsel agreed that the Debtor would be granted time to file a Second Amended Plan, and the parties would file a stipulation of facts and briefs. Based on the representations of counsel the Court continued the hearing to March 7, 2013[1]. Debtors' Second Amended Plan, a Stipulation of Facts (Dkt. 83), and the parties' briefs have been filed and reviewed by the Court, together with applicable law. This matter is ready for decision. For the reasons set forth below Clarion's objection will be overruled and a separate

---

[1]Since the parties submitted this matter on stipulated facts and briefs, the Court deems it unnecessary to delay this decision until the next confirmation hearing set for March 7, 2013.

1

Order shall be entered confirming Debtor's Second Amended Plan.

This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a). Confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Memorandum includes the Court's findings of fact and conclusions of law.

The Chapter 13 Trustee filed a consent to confirmation on December 20, 2012, stating that he believes the Second Amended Plan (hereinafter the "Plan") complies with applicable provisions of the Bankruptcy Code, has been proposed in good faith and not by any means prohibited by law, and the Debtor appears to be able to make the payments provided for in the Plan.

## FACTS

The parties filed a Stipulation of Facts setting forth the following facts with respect to Clarion's objection to confirmation[2]:

> 1. The parties were divorced pursuant to a Decree of Dissolution entered by the Montana Fourth Judicial District Court, Missoula County, on August 12, 2010. Paragraph 11 of the Findings of Fact in the Decree states that the Husband [Debtor] is the owner of record of real property located at 3505 West Fork Petty Creek Road, Alberton, Montana, and paragraph 2 of the Decree of Dissolution section granted the real property to the Debtor.. Paragraph 8 of the Decree states that husband will pay wife [Creditor] $74,000 by December 31, 2010.
>
> 2. Debtor did not pay wife the $74,000 by December 31, 2010.
>
> 3. On August 29, 2011, Debtor filed a motion in the state district court for relief from the Decree on various grounds. That motion was denied on October 4, 2011, and Debtor filed an appeal from that order to the Montana Supreme Court, Case No. DA 11-0742.
>
> 4. While the Montana Supreme Court appeal was pending, Debtor filed a

---

[2]More detailed facts are set forth in the Memorandum of Decision (Dkt. 52), which is on appeal.

2

Petition for Relief under Chapter 13 of the Bankruptcy Code on May 8, 2012. His schedules filed May 31, 2012, listed Susan Clarion as an unsecured creditor on schedule F with a claim of $73,122.76. The real property was listed on Schedule A with a value of $205,000.00. Schedule D listed a mortgage against the property in favor of First Security Bank in the amount of $25,074.74.

5. On June 27, 2012, Susan Clarion filed a proof of a secured claim entitled to priority in this case in the amount of $74,031.77, and asserted a judgment lien against the Debtor's real property.

6. The Debtor resides on his real property and filed a homestead declaration on the property prior to filing this bankruptcy case.

7. On September 5, 2012, Debtor filed a motion to avoid Clarion's judicial lien against his real property and also an objection to her claim objecting to its priority status and its secured status. The motion to avoid the lien and the objection to the proof of claim were denied on November 13, 2012, and Debtor filed an appeal from that denial on November 27, 2012, which is pending in the District Court, Case No. 12-194-M-DLC.

8. The Debtor filed an amended Chapter 13 Plan on December 13, 2012. Paragraph 2 (b) provides for payment of the Creditor's claim with interest at the rate of 6.0%, and further provides that money in the amount of $4,373.20 seized prepetition on a writ of execution obtained by the Creditor be turned over to her on her claim. Paragraph 7 "Supreme Court Appeal" of the Plan also provides that unless modified before confirmation, the confirmation of the plan will operate as a modification of the automatic stay to allow for the Montana Supreme Court to rule on the appeal.

## DISCUSSION

It is well established law in this Circuit that for a bankruptcy court to confirm a plan, each of the requirements of section 1325 *must be present* and the debtor has the burden of proving that each element has been met. *In re Barnes*, 32 F.3d 405, 407 (9th Cir. 1994); *In re Andrews*, 49 F.3d 1404, 1408 (9th Cir. 1995)*; Chinichian v. Campolongo*, 784 F.2d 1440, 1443-44 (9th Cir.1986) (citing *In re Elkind*, 11 B.R. 473, 476 (Bankr.D.Colo.1981)) (emphasis added). Section 1325(a)(1) requires confirmation of a plan if "the plan complies with the provisions of

3

this chapter and with the other applicable provisions of this title." Therefore, the Debtor has the burden of proof on all elements of confirmation. *Meyer v. Hill*, *(In re Hill)*, 268 B.R. 548, 552 (9th Cir. BAP 2001); *In re Snyder*, 420 B.R. 794, 801 (Bankr. D. Mont. 2009). This Court considers the Chapter 13 Trustee's consent to confirmation as significant weight on the side of Debtors' burden of proof favoring confirmation. *See, e.g.*, *In re Bassett*, 413 B.R. 778, 786 (Bankr. D. Mont. 2009).

In addition, Clarion's objections to confirmation are not based on any of the enumerated requirements of § 1325. As explained in Stipulated Fact 8, the Plan's provision for payment in full of Clarion's allowed secured claim in paragraph 2(b) appears to satisfy the requirement for provision of her allowed claim at § 1325(a)(5)(B). *Bassett*, 413 B.R. at 787-88.

The Debtor contends that neither the Decree of Dissolution nor litigation to set aside a decree are core proceedings, and rather fall within the domestic relations exception to federal court jurisdiction. He argues that he did not waive his right to seek relief from the divorce decree in the state court when he objected to Clarion's proof of claim, and that the decision whether to vacate the Decree of Dissolution belongs in the state courts, not the federal courts. Debtor submits that his Plan should be confirmed because it treats Clarion's claim as a secured claim that will be paid in full with interest if the state court decision is affirmed, and if the Decree of Dissolution is vacated he will modify his plan.

Clarion objects to the Plan provision at paragraph 7 that an order confirming the Plan shall constitute an order modifying the automatic stay to the extent necessary to allow the Montana Supreme Court to rule on the appeal pending before it. She objects to modification of the stay because she prevailed against the Debtor's motion to avoid her lien earlier in this case,

4

and the Debtor now is trying to invalidate her lien in state court. Clarion contends that because an issue arises out of family law does not mean that this Court lacks jurisdiction, and that the Debtor's attempt to invalidate her lien will impact the bankruptcy and as such is a core proceeding which this Court should decide.

Core proceedings are enumerated in detail at 28 U.S.C. § 157(b)(2)(A) through (P). This Court sees no subsection in § 157(b)(2) in which the determination whether to grant a debtor relief from a Decree of Dissolution of a marriage entered by a state court based on mistake could be considered a core proceeding. On the contrary, a long recognized "domestic relations exception" limits federal jurisdiction in cases involving the issuance of a divorce or alimony decree. *Ankenbrandt v. Richards*, 504 U.S. 689, 702-704, 112 S.Ct. 855, 116 L.Ed.2d 764 (1992).

The United States Supreme Court has reiterated the exception, announcing that the exception covers only a "narrow range of domestic relations issues" including that only "divorce, alimony and child custody decrees" remain outside federal jurisdictional bounds. *Marshall v. Marshall*, 547 U.S. 293, 126 S.Ct. 1735, 1745-46, 164 L.Ed.2d 480 (2006). The Debtor's appeal from a state district court order denying a motion for relief from his Decree of Dissolution clearly falls within the domestic relations exception, and remains outside federal jurisdictional bounds even under the narrow domestic relations exception. *Ankenbrandt v. Richards*, 504 U.S. at 702-704; *Marshall*, 126 S.Ct. at 1745-46.

Strong overriding policy reasons exist for leaving family law matters in the virtually exclusive purview of state family law courts. *In re Hanser*, 16 Mont. B.R. 527, 530-31 (Bankr. D. Mont. 1998 ); *Pacana v. Pacana*, 125 B.R. 19, 24-25 (9th Cir. BAP 1991). The policy

underlying the "domestic relations exception" is:

> [S]tate courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees . . . . [A]s a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these type of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Ankenbrandt*, 504 U.S. at 704.

In the instant case, which involves Debtor's appeal of the state court's denial of his motion for relief from the Decree of Dissolution, the policy underlying the domestic relations exception applies. This Court deems it appropriate under the domestic relations exception, and for purposes of comity with the state court and respect for state law, to abstain and defer to the state courts on appeal, and the court which entered the decree, for their determination of the merits of the Debtor's appeal and any subsequent proceedings involving division of marital property and enforcement of court orders. The state district court not only has the special expertise under state law to address the property award in the Decree of Dissolution, but also has first-hand familiarity with the particular facts of this divorce and provide the parties appropriate relief and remedies.

Based upon these considerations and in the interests of comity with the state courts, and out of respect for state law, this Court finds that the Debtor's appeal of the state district court's denial of his motion for relief from the Decree of Dissolution is not a core proceeding, and is subject to the domestic relations exception to federal court jurisdiction. The Court notes that the interests of judicial economy are best served with this determination. Debtor's appeal is pending

in the Montana Supreme Court, and a decision there could end the matter. If this Court were to undertake the issues in Debtor's appeal, under state marital dissolution law, at least two levels of appeal of its decision exist.

A final reason to overrule Clarion's objection to the provision in the Plan for modification of the stay is the fact that the Debtor has never been stayed from pursuing his appeal. In this district, as well as the Ninth Circuit, § 362(a) is read to apply only to actions against the debtor, not to actions initiated by the debtor. *In re Palmdale Hills Property, LLC*, 423 B.R. 655, 663-64 (9th Cir. BAP 2009); *Behling, et al. v. Russell, et al.,* 20 Mont. B.R. 221, 229 (D. Mont. 2003); *In re Merrick*, 175 B.R. 333, 336-37 (9th Cir. BAP 1994). The automatic stay has been found inapplicable to lawsuits initiated by the debtor. *Palmdale Hills*, 423 B.R. at 663. Further, a defendant in an action brought by a plaintiff/debtor may defend itself in that action without violating the stay. *Id*, at 663-64. Therefore, the appeal to the Montana Supreme Court, which the Debtor initiated, was never subject to the automatic stay of 11 U.S.C. § 362(a), and neither was Clarion's defense of the appeal. *Id.* The Plan provision at paragraph 7 for modification of the stay upon confirmation is redundant, and nugatory.

Given the Trustee's consent to confirmation and no other objections to confirmation based on § 1325 having been filed, the Court concludes that the Plan satisfies the requirements of § 1325 and should be confirmed without further hearing.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a).
2. Confirmation of Debtor's Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).
3. The Debtor satisfied his burden of proof on all elements of confirmation of his Second

7

Amended Chatper 13 Plan under 11 U.S.C. § 1325. *Barnes v. Barnes (In re Barnes)*, 32 F.3d 405, 407 (9th Cir. 1994); *Meyer v. Hill, (In re Hill)*, 268 B.R. 548, 552 (9th Cir. BAP 2001).

    4. The automatic stay of 11 U.S.C. § 362(a) does not apply to the Debtor's appeal of the state district court's denial of his motion for relief from the Decree of Dissolution, nor to Clarion's defense thereto. *In re Palmdale Hills Property, LLC*, 423 B.R. 655, 663-64 (9th Cir. BAP 2009).

    **IT IS ORDERED** separate Orders shall be entered in conformity with the above overruling Clarion's objections to confirmation and confirming Debtor's Second Amended Chapter 13 Plan filed on December 17, 2012.

                                       BY THE COURT

                                       /s/ Ralph B. Kirscher
                                       HON. RALPH B. KIRSCHER
                                       U.S. Bankruptcy Judge
                                       United States Bankruptcy Court
                                       District of Montana